Daniela Koleva LINOVA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–71580.
Agency No. A70–810–627.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.*

Decided March 30, 2004.

Marc J. Wigul, Korenberg, Abramowitz and Feldun, A Law Corporation, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Ethan B. Kanter, DOJ–U.S. Department

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

### MEMORANDUM**

Daniela Koleva Linova, a native and citizen of Bulgaria, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.

█ Substantial evidence supports the IJ's finding that Linova failed to establish past persecution based on her opposition to the Communist Party.[1] *See Lim v. INS*, 224 F.3d 929, 936–37 (9th Cir.2000) (explaining that threats without more are generally insufficient to prove past persecution); *see also Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (being fired from a job did not rise to the level of persecution); *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (distinguishing between harassment and persecution).

█ Substantial evidence also supports the IJ's finding that Linova failed to establish a well-founded fear of persecution based on unidentified individuals inquiring about her whereabouts. *See Diaz–Escobar v. INS*, 782 F.2d 1488, 1493 (9th Cir.1986) (concluding that anonymous letter left on petitioner's car windshield insuf-

ficient to establish "reasonable expectation of persecution"). Moreover, Linova's subjective fear that she will be persecuted by old Communist Party members still in power is unreasonable in light of changed country conditions. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003) (upholding a denial of asylum based on changed country conditions where the agency rationally construes the country report and conducts an individualized analysis of how the changed conditions will affect the petitioner's situation).

█ Because Linova failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of deportation. *See Singh v. INS*, 134 F.3d 962, 971 (9th Cir.1998).

█ Additionally, the BIA's summary affirmance without opinion does not violate due process. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

In light of the government's non-opposition, the motion for stay of voluntary departure is granted until 30 days after the issuance of the mandate.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. While the IJ's statement that Linova was required to present corroborating evidence

was erroneous, *see Ladha v. INS*, 215 F.3d 889, 901 (9th Cir.2000), a remand is unnecessary because the IJ found that, even taking Linova's statements in the best possible light, she had failed to establish the statutory requirements for relief.